IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JMA ENERGY COMPANY, L.L.C., an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MIDWEST RESOURCES 93-1 OIL & GAS INCOME LIMITED PARTNERSHIP, a limited partnership; and MIDWEST RESOURCES, INC.,<br><br>Defendants. | No. CIV-07-1215-C |

MEMORANDUM OPINION AND ORDER

This action was removed from the District Court of Roger Mills County by Defendants on October 30, 2007. (See Notice, Dkt. No. 1.) Plaintiff has filed a motion to remand this case (Pl.'s Mot., Dkt. No. 10), and Defendants have responded (Defs.' Resp., Dkt. No. 17). Plaintiff has filed a reply (Pl.'s Reply, Dkt. No. 19). Accordingly, this matter is at issue.

*A. Standard of Review*

A civil case commenced in state court generally may be removed by the defendant(s) to federal district court, if the case could have been brought there originally. 28 U.S.C. § 1441(a). If it appears that the federal court lacks jurisdiction, however, the case must be remanded. Id. § 1447(c).

Here, the burden is on Defendants, as the removing party, to establish that federal jurisdiction exists. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. Id. Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

*B. Background*

Plaintiff originally filed this action in state court seeking to recover proceeds of an oil and gas well that Plaintiff asserts were wrongfully paid to Defendant Midwest Resources 93-1 Oil & Gas Income Limited Partnership ("Partnership"). (See Petition, Dkt. No. 1 Ex. 2, ¶¶ 2-5.) Plaintiff further alleges that Defendant Midwest Resources, Inc. ("Midwest") is jointly and severally liable because Midwest is the general partner of Partnership. (Id. ¶ 7.) Defendants have filed an answer, and Partnership has asserted counterclaims against Plaintiff. (See Am. Answer with Countercls., Dkt. No. 16.) Defendants also filed a notice of removal alleging diversity of citizenship and an amount in controversy exceeding $75,000,[1] as set forth in 28 U.S.C. § 1332, as grounds for the Court's subject matter jurisdiction. (See Notice ¶¶ 5-6.) Plaintiff seeks remand, alleging that Defendants' removal was improper because Defendants have not established that the requirements for the Court to exercise diversity jurisdiction exist. (Pl.'s Mot. at 2-4.)

---

[1] The parties do not dispute that the amount in controversy exceeds $75,000.

*C. Discussion*

In order for a case to be removed under 28 U.S.C. § 1441, the requisite amount in controversy and the existence of diversity both must be affirmatively established on the face of either the state court petition or the removal notice. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). To satisfy the diversity of citizenship requirement of § 1332(a)(1), Defendants "must show that complete diversity of citizenship exists between the adverse parties" in this case. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006); Salt Lake Tribune Publ'g Co. v. AT & T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003) ("No plaintiff can be a citizen of the same state as any defendant.").

*1. Citizenship of Plaintiff*

Most circuit courts have determined that a limited-liability company ("L.L.C."),[2] such as Plaintiff, is a citizen of any state where a member of the L.L.C. is a citizen. Dixie Aire Title Servs., Inc. v. SPW, L.L.C., No. CIV-07-0141-F, 2007 WL 464704, at * 1 (W.D. Okla. Feb. 8, 2007) (citing cases); see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (same). The Tenth Circuit Court of Appeals, however, has on at least one occasion appeared to equate an L.LC. with a corporation for diversity jurisdiction purposes. In Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc., 415

---

[2] An L.L.C. is a hybrid: it "combines the organizational flexibility and pass-through tax treatment of a partnership with the limited liability protection of a corporation." 1A William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 70.50 (perm. ed., rev. vol. 2002 & Supp. 2007); see also Black's Law Dictionary 299 (8th ed. 2004) (defining an L.L.C. as "[a] company . . . characterized by limited liability, management by members or managers, and limitations on ownership transfer").

F.3d 1158, 1162 (10th Cir. 2005), the Tenth Circuit stated that because an L.L.C. was "a Delaware limited liability corporation" whose principal place of business was in Texas, the L.L.C. was a citizen of both Delaware and Texas.  Id.  The Court of Appeals did not explain its use of the term limited-liability "corporation" – rather than the more standard "company" – nor its rationale for applying the 28 U.S.C. § 1332(c)(1) corporation citizenship analysis to an L.L.C.[3]  Plaintiff does not disagree that it is "an Oklahoma limited liability company" or that its principal place of business is also in Oklahoma.  (See Pl.'s Mot. at 3 (quoting Notice ¶ 3).)  And while Plaintiff objects that Defendants' removal notice did not show the citizenship of Plaintiff L.L.C.'s members, Plaintiff concedes that its members are all citizens of Oklahoma.  (Id. at 3 & n.1.)  Therefore, under either the majority or the Shell approach, it is apparent that Plaintiff is an Oklahoma citizen for diversity purposes.[4]

   *2. Citizenship of Defendants Midwest and Partnership*

Regarding Defendant Midwest, Defendants' notice of removal sets forth that Midwest "is a corporation incorporated under the laws of the state of Wisconsin" and has "its principal place of business in a state other than the state of Oklahoma."  (Notice ¶ 4.)  As noted above, for diversity purposes a corporation generally is deemed a citizen of both any state by which

---

[3] Section 1332(c)(1) reads in relevant part: "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."

[4] See Debra R. Cohen, Limited Liability Company Citizenship: Reconsidering an Illogical and Inconsistent Choice, 90 Marq. L. Rev. 269 (2006), for an examination of decisions applying both the majority viewpoint and the § 1332(c)(1) corporation dual-citizenship approach used by the Tenth Circuit in Shell.  Cohen notes that the § 1332(c)(1) approach may be "more intuitive" and that "the issue is not 'emphatically settled.'"  Id. at 281.

it has been incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Plaintiff argues that because Defendants' notice of removal does not specifically identify Midwest's principal place of business, it does not sufficiently establish that Midwest is diverse from Plaintiff. (See Pl.'s Mot. at 4.) The Court disagrees. Midwest's assertion that its principal place of business is "not in Oklahoma," stated in the original notice of removal, sufficiently demonstrates that Midwest is diverse from Plaintiff. Cf. Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 915-16 & n.3 (10th Cir. 1993) ("Diversity jurisdiction is premised upon the parties being from different states; which states those happen to be is not relevant if the party can be served, as long as it is clear that the possibilities do not include states that would destroy diversity."); Contreras v. Thor Norfolk Hotel, L.L.C., 292 F. Supp. 2d 794, 796-97 (E.D. Va. 2003) (finding that the defendant did not need to amend its notice of removal although it had only alleged that the L.L.C.'s members were citizens of states "other than" those that would destroy diversity). But cf. Tolemac, LLC v. Jackson, No. 02 C 594, 2002 WL 239635, at *1 (N.D. Ill. Feb. 19, 2002) (ordering plaintiff to supplement a federal complaint which alleged that no L.L.C. member was a citizen of a certain state but did not identify each member and their respective states of citizenship).

As far as Defendant Partnership, in the notice of removal Partnership pleaded its citizenship as a "limited partnership under the laws of the state of Wisconsin having its principal place of business in a state other than the State of Oklahoma." (See Notice ¶ 4.) As Plaintiff points out, however, this description does not help establish diversity

jurisdiction, because a limited partnership ("L.P.") is a citizen of each state in which any of its partners, general or limited, is a citizen. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) ("[D]iversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of all the members . . . ." (internal quotation marks omitted)). Plaintiff rightfully objects that the notice of removal is deficient because it does not provide the citizenship of each of the general and limited partners in the Partnership. (Pl.'s Mot. at 3-4.)

In order to address Plaintiff's concerns regarding Partnership's diverse citizenship, Defendants submitted a sworn affidavit from one of Partnership's corporate officers. (See Baptie Aff., Dkt. No. 17 Ex. 1.) Regarding Partnership, Defendants acknowledge that the notice failed to account for the citizenship of all of the general and limited partners. (Defs.' Resp. at 1.) The sworn affidavit avers that Partnership's sole general partner is Defendant Midwest and that "none of [Partnership's] limited partners are citizens of the State of Oklahoma." (Baptie Aff. ¶ 2.) As discussed in connection to Midwest's principal place of business above, Partnership's assertion that none of the limited partners is a citizen of Oklahoma sufficiently shows diversity. See Contreras, 292 F. Supp. 2d at 797 ("An allegation of diversity is defective only where it 'fails to negate the possibility that diversity does not exist.'" (quoting Baer v. United Servs. Auto. Ass'n, 503 F.2d 393, 397 (2d Cir. 1974))).

Although Defendants' original notice of removal was insufficient for Defendants to meet their burden of establishing diversity jurisdiction for Partnership, see 28 U.S.C. § 1446(a) (requiring a notice of removal to contain "a short and plain statement of the

grounds for removal"); Laughlin, 50 F.3d at 873, the allegations of the sworn affidavit regarding Partnership's members demonstrate that Defendants do have a basis for federal jurisdiction and that remand would be imprudent.  See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."), cited in Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301-02 & n.10 (10th Cir. 1968) ("[Section 1653] applies to petitions for removal as well as to original complaints or petitions.").  Thus, the Court will grant Defendants leave to file an amended notice of removal that incorporates the assertions made in the sworn affidavit and sets out more fully the basis of diversity jurisdiction for Partnership.  Accord Mason v. Thompson, No. CIV-05-1464-HE, 2006 WL 1134939, at *1-3 & n.3 (W.D. Okla. Apr. 27, 2006) ("'[A]mendment of the removal notice . . . may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.'" (quoting 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (3d ed. 1998) (alterations in original) (footnote omitted))); cf. Hendrix, 390 F.2d at 300-02 (affirming the district court's order allowing the defendant to amend the petition for removal with more specific jurisdictional allegations in accordance with facts that were not challenged); Buell v. Sears, Roebuck & Co., 321 F.2d 468, 471 (10th Cir. 1963) (allowing the defendant to file an amended petition for removal alleging that its principal place of business was in a state other than that of which the plaintiff was a citizen).

Citing privacy and confidentiality concerns, Defendants did not submit the identities of Partnership's limited partners but expressed an ability to do so if requested by the Court. (Baptie Aff. ¶ 4.)  Plaintiff in reply argues that it is impossible to challenge Partnership's conclusion regarding its limited partners absent those limited partners' identities. (See Pl.'s Reply at 3 & n.1.)  Based upon the analysis above, the contents of the notice and sworn affidavit, and 28 U.S.C. § 1446(a)'s requirement that Defendants' notice of removal be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure," at this point in the proceedings it is not necessary for Defendants to submit such proprietary information to the Court.  See Fed. R. Civ. P. 11; Contreras, 292 F. Supp. 2d at 797.

*D. Conclusion*

The Court therefore DENIES Plaintiff's motion to remand (Dkt. No. 10).  Defendants shall file an amended notice of removal on or before January 22, 2008.  Otherwise this matter is subject to remand.

IT IS SO ORDERED this 15th day of January, 2008.

_____
ROBIN J. CAUTHRON
United States District Judge