IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JMA ENERGY COMPANY, L.L.C., an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-07-1215-C |
| MIDWEST RESOURCES 93-1 OIL & GAS INCOME LIMITED PARTNERSHIP, a limited partnership; and MIDWEST RESOURCES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff originally filed this action in state court seeking to recover proceeds of an oil and gas well that Plaintiff asserts were wrongfully paid to Defendant Midwest Resources 93-1 Oil & Gas Income Limited Partnership ("Partnership"). (See Petition, Dkt. No. 1 Ex. 2, ¶¶ 2-5.)  Plaintiff further alleges that Defendant Midwest Resources, Inc. ("Midwest") is jointly and severally liable because Midwest is the general partner of Partnership. (Id. ¶ 7.) Following removal to this Court, Defendants filed an answer in which Partnership asserted a counterclaim against Plaintiff. (See Answer with Countercl., Dkt. No. 6.)  Plaintiff filed a motion to dismiss the counterclaim (see Pl.'s Mot., Dkt. No. 8), but Defendants then filed an amended answer with Partnership asserting two new counterclaims against Plaintiff (see Am. Answer with Countercls., Dkt. No. 16).  Partnership then filed a response to Plaintiff's original motion to dismiss (see Def.'s Resp., Dkt. No. 18).  Finally, Plaintiff has responded to the amended answer with counterclaims.  (See Pl.'s Reply, Dkt. No. 20.)  This matter is

thus at issue.

Partnership's original counterclaim alleged that if Plaintiff prevailed in recovering proceeds against Defendants, Defendants "should be awarded damages for unjust enrichment," although Partnership did "not seek any separate damages from the Plaintiff except . . . to 'setoff' any recovery that might be achieved by the Plaintiff." (See Answer with Countercl. ¶¶ 9-11.)  Essentially, Partnership argued that in the event Plaintiff was successful in its lawsuit, such success should be negated by the Court due to its inequitable nature.  (See id.)  Plaintiff filed a motion to dismiss this counterclaim pursuant to Fed. R. Civ. P. 12(b)(6), asserting that a party prevailing in a lawsuit is not "unjust" and that Partnership failed to allege the necessary elements for a setoff claim under Oklahoma law. (See Pl.'s Mot. at 2-7.)

Defendants then requested and received leave to file an amended answer with counterclaims, asserting that a newly decided Oklahoma Court of Civil Appeals case provided a basis for a new counterclaim seeking reformation of the disputed well proceeds assignment due to mutual mistake.  Plaintiff did not oppose this motion.  (See Defs.' Mot., Dkt. No. 13.)  Defendants' amended answer set forth two new counterclaims by Partnership; the first was for partial reformation of the proceeds assignment.  (See Am. Answer with Countercls. ¶¶ 9-17.)  The second counterclaim asserted that if the Court were to reform the assignment as requested by Partnership in its first new counterclaim, it would be unjust enrichment for Plaintiff to keep the proceeds it had received during the disputed time period from November 2004 to the present.  (See id. ¶¶ 18-20.)

In response, Partnership asserts that Plaintiff's motion to dismiss the original counterclaim should be denied as moot (see Def.'s Resp. at 1); this argument is well taken. First, the amended answer with counterclaims supersedes that originally filed by Defendants. See Gilles v. United States, 906 F.2d 1386, 1389 (10th Cir. 1990).  Further, although the second counterclaim in the subsequent pleading is similarly titled "unjust enrichment," its basis is quite different from that original "unjust enrichment" counterclaim.  The Court's review of the claims indicates that Plaintiff's original arguments for dismissal are inapplicable to either of the new counterclaims, which are based upon different legal arguments.  (See also J. Status Report, Dkt. No. 24, at 6 (noting that the pleading of the new counterclaims "effectively rendered moot" Plaintiff's motion to dismiss).)  Finally, Plaintiff has filed an answer to the new counterclaims, including affirmative defenses, rather than a motion to dismiss these new counterclaims.  (See Pl.'s Reply.)  Plaintiff's original motion is no longer viable, therefore, as the previously disputed counterclaim no longer exists.

## CONCLUSION

For the reasons outlined above, Plaintiff's motion to dismiss (Dkt. No. 8) is DENIED as moot.

IT IS SO ORDERED this 19th day of February, 2008.

ROBIN J. CAUTHRON
United States District Judge